[Crim. No. 3422. Second Appellate District, Division One.— January 31, 1941.]

THE PEOPLE, Respondent, v. RAYMOND FONG SHEE SHUNG, Appellant.

722

Abbott C. Bernay for Appellant.

Earl Warren, Attorney-General, and Gilbert F. Nelson, Deputy Attorney-General, for Respondent.

WHITE, J.—Following his conviction after a trial before a jury on three counts of robbery, defendant prosecutes this appeal from the order denying his motion for a new trial.

Epitomizing the facts as they appear in the record, it was testified at the trial that about 1 o'clock on the morning of Monday, June 17, 1940, a Chinese restaurant located at 11916 Ventura Boulevard in the county of Los Angeles was held up and robbed by three men armed with guns, who bound

the proprietor, William Wong, his wife and brother, and placed them in a rest room. One of the robbers, identified at the trial as the appellant, then at the point of a pistol commanded the victims to remain quiet. Certain money and other personal property was taken from the persons of the victims and from the premises. At the trial appellant was identified by Mrs. Wong and Paul L. Wong, while William Wong, who also identified appellant as one of the perpetrators of the robbery, testified that he had seen him in several other restaurants prior to the night of the holdup. On the occasion of the robbery appellant wore no mask and his face was visible to the victims. In the course of the robbery appellant took the wallet of Paul L. Wong, which contained a social security card and a chauffeur's license in the name of the latter. Six different witnesses were produced by the prosecution who identified the appellant as having used these documents while impersonating Paul L. Wong in order to cash fictitious checks to which he had forged Mr. Wong's name as an endorser.

Appellant took the witness stand in his own defense. He denied participation in the robbery or that he had ever been in the restaurant prior to his arrest. He claimed that he was sleeping in a Chinese laundry on West Sixth Street in the city of Los Angeles on the Sunday night and Monday morning in question; that he went to sleep about 11:30 and did not arise until 6 in the morning. He admitted possession of the social security card and chauffeur's license of Mr. Wong, as well as the illegal use thereof, but claimed he found them in the rest room of a restaurant.

Upon this appeal appellant challenges only the correctness of the trial court's ruling in denying his motion for a new trial which was based solely upon the ground of newly discovered evidence. (Pen. Code, sec. 1181, subd. 7.) In support of this motion defendant tendered the trial court two affidavits in which the affiants deposed that they both were present at the home of one of them on the night the robberies were committed, and that appellant was also in that home at the hour when the victims testified they were held up. Both of these affiants further swore that they did not advise appellant of such knowledge on their part because of the receipt by them of an anonymous telephone call warning them not to testify for the defendant "upon penalty of incurring

great harm to their persons''. The affidavits further set forth the fact that by reason of such threats they were intimidated and did not acquaint defendant with such knowledge in their possession until after his trial. Although the affidavits do not set forth the location of the premises where the deponents stated the defendant was on the night of the robbery, we assume from a statement of counsel made on the hearing of the motion for a new trial that the home of one of the affiants was the Chinese laundry in which the defendant testified he spent the night in question.

It has repeatedly been said that the claim of newly discovered evidence as a ground for or warranting a new trial is uniformly looked upon by the courts with distrust and disfavor; that public policy demands that a litigant exhaust every reasonable effort to produce at his trial all existing evidence in his behalf. Indeed, the courts have gone so far as to say that the circumstance that the testimony has just been discovered when it is too late to introduce it is so suspicious that the very strictest showing of diligence is required. (*People* v. *Freeman*, 92 Cal. 359, 366 [28 Pac. 261].) Of course, it is recognized that despite the exercise of such effort, cases will sometimes occur where, after trial, new evidence most material to the issues, and which would probably have produced a different result, is discovered. It is for such cases that the remedy of a motion for a new trial on the ground of newly discovered evidence has been given. (*People* v. *Byrne*, 160 Cal. 217, 225 [116 Pac. 521].) Manifestly, in the instant case appellant before the time of his trial was aware of the identity of the people present on the premises where he claimed to have spent the night when the charged offenses were committed. In fact, it appears from one of the affidavits filed with the motion for a new trial that defendant and his counsel, prior to the trial, were aware of the availability as a witness of one of the affiants whose evidence is now characterized as ''newly discovered''.

In addition to due diligence, it is further required that the evidence be material and such as to render a different verdict reasonably probable upon a retrial. The question of the effect upon the case of the newly discovered evidence is, from its nature, peculiarly one that is addressed to the discretion of the trial court, and it is only when a clear and unmistakable abuse of discretion is shown that the action of

the trial court on a motion for a new trial will be disturbed on appeal. (*People* v. *Sing Yow,* 145 Cal. 1 [78 Pac. 235].) In the instant case we find no such abuse of the discretion vested in the trial judge when he determined that the newly discovered evidence was not of such character as to render a different verdict probable upon a retrial. The evidence of appellant's guilt was overwhelming and practically amounted to a demonstration thereof. He was positively identified by the witnesses for the prosecution, one of whom testified he had seen appellant on previous occasions prior to the night of the robbery, and as heretofore pointed out, six different witnesses testified to the possession by appellant of some of the property taken in the holdup.

For the reasons herein stated, the order denying the motion for a new trial is affirmed.

York, P. J., and Doran, J., concurred.